UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSICA L. CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:20-CV-312-HAB |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Brief (ECF No. 24), filed on February 3, 2021. Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner") filed his Memorandum in Support of Commissioner's Decision (ECF No. 25) on March 5, 2021. Thereafter, Plaintiff filed her Reply Brief on March 26, 2021. This matter is now ripe for determination.

**A.      Procedural History**

On March 22, 2016, and May 4, 2016, Plaintiff filed applications for supplemental security income and child insurance benefits, respectively. In both applications, Plaintiff alleged disability beginning May 28, 2003. The applications were denied initially and on reconsideration. Plaintiff filed a written request for hearing on June 19, 2017, and a hearing was held before an administrative law judge ("ALJ") on October 10, 2018.

The ALJ issued her Decision (R. 11–24) on January 29, 2019, finding Plaintiff not disabled. Plaintiff then sought review by the Appeals Council, which request was denied. Plaintiff then initiated this action for judicial review.

B.     **Legal Analysis**

1.     *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.     *The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 28, 2003. At step two, the ALJ determined that Plaintiff had the following severe impairments: organic brain disorder, epilepsy, and fetal alcohol syndrome. The ALJ also found that Plaintiff suffered from the following non-severe impairments: depression, attention deficit hyperactivity disorder, and a right knee disorder. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. In making this finding, the ALJ considered listings 11.02, 12.02, 12.04, and 12.11.

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: She is limited to frequent balance, stoop, kneel, crouch, crawl, and kneel. She can occasionally climb ramps and stairs but no climbing of ladders, ropes, or scaffolding. She can have no exposure to hazards, including unprotected heights and moving machinery. She should not perform any operation of a motor vehicle. She can understand, remember, and carry out simple, routine, repetitive tasks, and maintain adequate attention and concentration for said tasks. She can interact appropriately but on a superficial basis with coworkers, supervisors, and the general public. She can manage the changes in an unskilled work environment.

(R. 16–17). At step five, the ALJ found that Plaintiff did not have any past relevant work. However, the ALJ found that there existed jobs in significant numbers in the national economy that the claimant can perform. As a result, the ALJ determined that Plaintiff was not disabled.

**3.    *The ALJ Failed to Adequately Account for Plaintiff's Seizures in the RFC***

Plaintiff raises several allegations of error, but the Court finds one to be dispositive. Despite finding that Plaintiff's epilepsy was a severe impairment, the ALJ failed to make adequate findings related to her seizure disorder or account for the job-related limitations caused by the disorder in the RFC. These errors require remand.

4

The ALJ's failures related to Plaintiff's seizures began at step three. In determining whether Plaintiff's seizures met or medically equaled the impairment in listing 11.02, the ALJ found that the evidence did not support a finding that Plaintiff's seizures occurred with sufficient regularity, or exhibited sufficient severity, to qualify as disabling. (R. 14–15). However, the ALJ made no affirmative finding as to the severity or frequency of Plaintiff's seizures and, moreover, questioned Plaintiff's account of her seizures and that of her mother and father. This was error. *See Barnett v. Barnhart*, 381 F.3d 664, 668–70 (7th Cir. 2004) (ALJ erred when he never affirmatively determined how many seizures plaintiff experienced when he discredited plaintiff's account of more frequent seizures, finding that account was inconsistent with her activities and with treating doctors' descriptions of her seizures); *see also Boiles v. Barnhart*, 395 F.3d 421, 425, 427 (7th Cir. 2005) (finding that the ALJ erred in not making a finding as to frequency of plaintiff's seizures and improperly relied on the lack of emergency room visits as evidence that plaintiff's seizures did not occur as frequently as alleged). *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (reversing where ALJ found headaches severe but failed to include any related limitations in the residual functional capacity assessment); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) (remanding where the ALJ failed to discuss how Indoranto's severe headaches affected her ability to work and did not make a finding as to the frequency and severity of those headaches).

The ALJ's step-three error manifested itself in the RFC. It is undisputed that Plaintiff suffers from seizures; EEG results consistently showed an epileptic condition and she has a history of being prescribed anti-seizure medications like Depakote. The ALJ recognized Plaintiff's seizures by finding her epilepsy to be a severe impairment, and by imposing postural and environmental limitations in the RFC. However, by failing to make a finding as to the regularity and severity of the seizures, the ALJ failed to take into account whether those seizure would take

5

her off-task during the workday or provide any limitation in the RFC to account for that off-task time.

While the ALJ questioned Plaintiff's accounts of the regularity of her seizures, the ALJ did not explain why consistent evidence from multiple sources that Plaintiff's seizures and subsequent recovery period caused confusion and disorientation did not result in any necessary off-task time. *See Mazzuca v. Colvin*, 2013 WL 1343344 at *14 (N.D. Ill. Apr. 2, 2013) (remanding where the ALJ failed to account for the "nature and extent of the relationship" between the claimant and a non-medical source, in that case his wife, and explain why the long and intimate relationship between the two did not support the claimant's wife's statements about her observations of the claimant). Plaintiff testified that her seizures caused headaches and dizziness. According to Plaintiff's mother, a neuropsychiatrist described Plaintiff's seizures as follows: "close your eyes and imagine you can't hear or see anything for even 15 seconds and then boom, you're back in the world again and everyone has moved on and you have no idea why." (T. 91). Plaintiff's father submitted a statement describing Plaintiff's clumsy behavior and inability to complete sentences after a seizure. Despite this unrefuted evidence, the ALJ did not address the issue of off-task time.

Defendant responds that the ALJ did take Plaintiff's seizures into account through the postural and environmental limitations. However, the ALJ did not explain the relationship between Plaintiff's severe seizures and those specific limitations. *See Allensworth v. Colvin*, 814 F.3d 831, 835 (7th Cir. 2016) (remanding where "the judge mentioned that she was restricting the plaintiff to simple work because of his sleep apnea, but did not explain why someone with hypersomnia should be able to stay awake at work just because it's simple work"); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("RFC assessments must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts").

Plaintiff may very well require postural and environmental limitations as a result of her seizures but those limitations do not account for the evidence regarding the confusion and disorientation suffered by Plaintiff following her seizures, nor the off-task time necessary to deal with those after-effects.

Defendant also faults Plaintiff for not suggesting an off-task limitation for the RFC. But this argument misstates the record. Teresa Parkhouse, FNP, did include a statement in the record opining that Plaintiff would be off-task 5% of the time. The Court finds that this evidence satisfies Plaintiff's burden "to establish not just the existence of conditions, but to provide evidence that they support specific limitations affecting her capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 578–79 (7th Cir. 2018).

Finally, in an argument hard to square with the one above, Defendant argues that any error was harmless because Parkhouse's 5% number is less than the 15% off-task amount that the vocational expert testified would be disqualifying. This argument, too, misstates the record. It was the ALJ, not the VE, that came up with the 15% number. (R. 99). Accordingly, neither the Court, nor the ALJ, has any evidence as to the impact of a 5% off-task rate on Plaintiff's employability. The Court cannot say, then, that the ALJ's error was harmless.

**C.     Conclusion**

For the foregoing reasons, the Decision (R. 11–24) is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on April 27, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT